# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONARD HUDSON and ANDRE PIERRE, <br>                    Plaintiffs <br>     v. <br><br> MRS. KENNEDY, et al., <br>                    Defendants. | C.A. No. 12-12 Erie <br><br> District Judge McLaughlin <br> Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that Plaintiff Andre Pierre be dismissed from this action for failure to prosecute.

**II.    REPORT**

    **A.    Relevant Procedural History**

This *pro se* civil rights action was originally filed on January 24, 2012, by five (5) named Plaintiffs, all of whom were then inmates incarcerated at the Federal Correctional Institution at McKean in Bradford, Pennsylvania ("FCI-McKean"). Three of the original Plaintiffs were subsequently dismissed from this action in accordance with this Court's Report and Recommendation dated March 14, 2012 [ECF No. 8], due to their failure to either pay the required filing fee or file a motion to proceed *in forma pauperis*. (See ECF No. 14, Memorandum Order). The original complaint was thus filed on behalf of the remaining two Plaintiffs, Leonard Hudson ("Hudson") and Andre Pierre ("Pierre"). [ECF No. 11].

After the complaint was served, Defendants filed a motion to strike the complaint pursuant to Rule 11(a) of the Federal Rules of Civil Procedure, because the complaint was not

1

signed by the Plaintiffs. [ECF No. 35]. In this motion, Defendant's counsel noted that Plaintiff Pierre was released from FCI-McKean on September 7, 2012, and is no longer in custody. Because Plaintiff Pierre failed to file with the Clerk of this Court a notice of change of address indicating where he has been residing since his release from incarceration, this Court issued a show cause order on February 1, 2013, requiring Plaintiff Pierre to file with the Clerk a notice of change of address on or before February 16, 2013, or suffer this Court's recommendation that Plaintiff Pierre be dismissed from this case for failure to prosecute. To date, Plaintiff Pierre has failed to comply with this Order, and neither Defendants nor this Court have any way of contacting Plaintiff Pierre to move this case forward.

**B.** **Discussion**

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends that Plaintiff Pierre be dismissed from this case. For the last several months, Plaintiff Pierre has taken none of the necessary steps to prosecute this case against Defendants. In particular, Plaintiff Pierre has failed to file with the Clerk a notice of change of address since his release from incarceration on September 7, 2012. As a result, neither this Court nor Defendants have been able to serve or contact him to move this case forward. Alternative sanctions, such as monetary penalties, are

2

deemed inappropriate.

## III    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff Pierre be dismissed from this case for failure to prosecute.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

        SUSAN PARADISE BAXTER
        United States Magistrate Judge

Dated: February __, 2013

cc:    The Honorable Sean J. McLaughlin
       United States District Judge