IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEONARD HUDSON, | ) | C.A. No. 12-12 Erie |
|     Plaintiff | ) | |
|     v. | ) | District Judge McVerry |
| | ) | Magistrate Judge Baxter |
| MRS. KENNEDY, et al., | ) | |
|     Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute.

### II. REPORT

#### A. Relevant Procedural History

This *pro se* civil rights action was originally filed on January 24, 2012, by five (5) named Plaintiffs, all of whom were then inmates incarcerated at the Federal Correctional Institution at McKean in Bradford, Pennsylvania ("FCI-McKean"). Three of the original Plaintiffs were subsequently dismissed from this action in accordance with this Court's Report and Recommendation dated March 14, 2012 [ECF No. 8], due to their failure to either pay the required filing fee or file a motion to proceed *in forma pauperis*. (See ECF No. 14, Memorandum Order). The original complaint was thus filed on behalf of the remaining two Plaintiffs, Leonard Hudson ("Hudson") and Andre Pierre ("Pierre"). [ECF No. 11]. Plaintiff Pierre was subsequently dismissed from this case for his failure to prosecute, because he failed to file with the Clerk of this Court a notice of change of address indicating where he has been residing since his release from incarceration. [ECF No. 45]. As a result, Hudson is the only remaining Plaintiff in this case.

1

On September 26, 2013, Defendants filed a motion to continue a telephonic status conference that was scheduled to be held on October 4, 2013, indicating that Plaintiff was released from the custody of the Bureau of Prisons on August 26, 2013, and has not notified Defendants' counsel or the Court of his change of address. [ECF No. 49]. As a result, this Court issued a show cause order on October 1, 2013, requiring Plaintiff Hudson to file with the Clerk a notice of change of address on or before October 21, 2013, or suffer this Court's recommendation that this case be dismissed for Plaintiff's failure to prosecute. To date, Plaintiff has failed to comply with this Order, and neither Defendants nor this Court have any way of contacting Plaintiff to move this case forward.

**B.** **Discussion**

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends that this case be dismissed due to Plaintiff's failure to prosecute. For the last several months, Plaintiff has taken none of the necessary steps to prosecute this case against Defendants. In particular, Plaintiff has failed to file with the Clerk a notice of change of address since his release from incarceration on August 26 2013. As a result, neither this Court nor Defendants have been able to serve or contact him to move this case forward. Alternative sanctions, such as monetary

penalties, are deemed inappropriate.

**III     CONCLUSION**

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: October 30, 2013

cc:     The Honorable Terry F. McVerry
        United States District Judge